JS 44   (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Angela Moan, as Surviving Daughter of Rosalind Walker, Deceased,

## DEFENDANTS

Select Comfort Retail Corporation d/b/a Sleep Number and Leggett & Platt, Incorporated

(b) County of Residence of First Listed Plaintiff   **Madison County, IL**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   **St. Louis County**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*

Ted Gianaris, Gianaris Trial Lawyers, 1 Design Mesa, Collinsville, IL 62234, 618-681-9999

Attorneys *(If Known)*

Walker, Nicholas, Fox Rothschild LLP, 4900 Main Street, Suite 150, Kansas City, MO 64112  816-919-7900

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☒ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 U.S.C. 1332, 1441 and 1446

Brief description of cause:
Wrongful Death - Product Liability

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P

DEMAND $
in excess of $75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE   RHH
DOCKET NUMBER   4:24-cv-01702

DATE   JAN. 16, 2026

SIGNATURE OF ATTORNEY OF RECORD   *T. Gianaris*

## FOR OFFICE USE ONLY

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANGELA MOAN, as Surviving Daughter of<br>ROSALIND WALKER, Deceased, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| | ) | Cause No. _____ |
| vs. | ) <br> ) | |
| SELECT COMFORT RETAIL CORPORATION<br>*d/b/a* SLEEP NUMBER<br> and<br>LEGGETT & PLATT, INCORPORATED, | ) <br> ) <br> ) <br> ) | <br><br><br>Jury Demand |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, Angela Moan, as surviving daughter of Rosalind Walker, deceased ("Plaintiff"), states as follows for her Complaint against Select Comfort Retail Corporation d/b/a Sleep Number ("Sleep Number") and Leggett & Platt, Incorporated and alleges:

1)      Angela Moan is Decedent, Rosalind Walker's ("Decedent" or "Mrs. Walker"), surviving daughter and thus under Missouri law is a class one beneficiary.  Ms. Moan lives in Illinois.

2)      Mrs. Walker owned a Sleep Number Bed that had a mattress and an adjustable base allowing the head portion of the base and mattress to be raised and lowered.

3)      Sleep Number designed, manufactured, marketed, sold, and warrantied parts of the Sleep Number Bed or the entire Sleep Number Bed.

4)      Sleep Number had actual knowledge that a person could be trapped by a lowering Sleep Number Bed as is evidenced by these photographs from the actual bed that show a label

Page 1 of 19

warning of "serious or fatal injuries from entrapment" that is of a size that is very hard to see and that is in a place that is very hard to read.





5)       Sleep Number made a conscience decision to disregard this danger in the design of the bed and decided not to put a warning where it could easily be seen and read.   These photographs from the actual bed show advertisements on the mattress in places that are easy to see and are easy to read.   Sleep Number should have put an appropriate warning here.   This is illustrated below by a red circles around the logos on the mattress.





6)      Leggett & Platt, Incorporated designed, manufactured, marketed, sold, and warrantied parts of the Sleep Number Bed or for the entire Sleep Number Bed.

7)      Leggett & Platt had actual knowledge that a person could be trapped by a lowering bed as is evidenced by these photographs from the actual bed that show a label warning of "serious or fatal injuries from entrapment" that is of a size that is very hard to see and that is in a place that is very hard to read.





8)    Leggett & Platt made a conscience decision to disregard this danger in the design of the bed and decided not to put a warning where it could easily be seen and read.    These photographs from the actual bed show advertisements on the mattress in places that are easy to see

Page 5 of 19

and are easy to read.  Sleep Number should have put an appropriate warning here. This is illustrated

below by a red circle around the logos on the mattress.





9)        Legget & Platt was primarily responsible for the design and manufacture of the

adjustable base.

10)     Sleep Number, along with a supplier, designed and manufactured the FlexFit Control System that sits on the floor beneath the bed and has a role in controlling the bed's operation.

11)     Sleep Number, along with a supplier, designed and manufactured the Firmness Control System box that sits on the floor beneath the bed and has a role in controlling the bed's operation.

12)     Sleep Number designed and manufactured the mattress.

13)     Sleep number did not affix any warnings on, or to, the mattress indicating that a person could be trapped by the bed's intended operation.

14)     Sleep Number, along with a supplier, designed and manufactured the remote control.

15)     Leggett & Platt created and affixed the warning label(s) to the metal bed frame.

16)     Leggett & Platt, Incorporated is a Missouri corporation with its principal place of business in Carthage, Missouri.

### COUNT 1: WRONGFUL DEATH & SURVIVAL ACTION: NEGLIGENCE VS. SELECT COMFORT RETAIL CORPORATION *D/B/A* SLEEP NUMBER

17)     On October 19, 2014, Mrs. Walker purchased the Sleep Number Bed in Brentwood, Missouri.

18)     The Sleep Number Bed had a 25-year warranty. The warranty was made in Brentwood, Missouri.

19)     Instructions on the use of the Sleep Number Bed were provided to Mrs. Walker in Brentwood, Missouri.  On information and belief, the salesperson who provided the instructions lived and lives in Missouri.

20)    Delivery of the Sleep Number Bed was planned and arranged in Brentwood, Missouri.

21)    At the time of the purchase, the Sleep Number Bed's delivery was arranged and paid for, and the bed was later delivered to Mrs. Walker's home at 23 Frontenac PL, Godfrey IL.

22)    On March 1, 2023, Mrs. Walker was in her home at 23 Frontenac PL, Godfrey IL.

23)    The Sleep Number Bed's adjustable base and mattress were in a raised position.

24)    Mrs. Walker was between the raised Sleep Number Bed and the bed's headboard.

25)    The Sleep Number Bed lowered without an appropriate warning.

26)    Mrs. Walker was trapped between the Sleep Number Bed and the bed's headboard.

27)    Mrs. Walker remained trapped from March 1, 2023, to March 3, 2023.

28)    On March 3, 2023, emergency responders freed Mrs. Walker from this trapped position.  She was taken to the hospital, was transferred to a rehabilitation center and was then brought home on hospice.   She suffered the entire time until she died on April 3, 2023.

29)    Sleep Number Corporation owed Mrs. Walker a duty of reasonable care.

30)    Sleep Number Corporation breached the duty of reasonable care by:

   a. Designing, manufacturing and selling a Sleep Number Bed that did not have adequate instructions or cautionary or warning  language in the instructions or on the bed, alerting Mrs. Walker not to go between the bed and the headboard as she could be trapped;
   b. Designing, manufacturing and selling a Sleep Number Bed that did not have an appropriate warning of any type alerting Mrs. Walker not to go between the bed and the headboard as she could be trapped;
   c. Designing, manufacturing and selling a Sleep Number Bed that did not have an adequate audible warning alerting Mrs. Walker it was declining;
   d. Designing, manufacturing and selling a Sleep Number Bed that lowered with such force as to trap Mrs. Walker between the bed and the headboard;
   e. Designing, manufacturing and selling a Sleep Number Bed that had a timer which caused the bed to decline without any physical input or warning thus trapping Mrs. Walker between the bed and the headboard; and/or,

f.   Designing, manufacturing and selling a Sleep Number Bed that did not have an appropriate release mechanism which would have allowed Mrs. Walker to free herself from her trapped position.

31)   Entrapment was foreseeable and the risk was predictable that someone could get trapped this way. The defendant knew that entrapment could happen, and knew that if it did happen, it could cause severe injury or death.  Even with this knowledge, the defendant deliberately chose not to place a clear, visible warning on the mattress where people would likely see and read it. Instead, the defendant put advertising in this visible spot.  On information and belief, the defendant made this choice to keep the bed looking good and/or to avoid hurting sales, despite knowing that an appropriate warning could have prevented serious or fatal injuries.

32)   These actions or inactions or conscious decisions were the proximate cause of Mrs. Walker's injuries, suffering, and her death.

WHEREFORE, Plaintiff seeks compensation in excess of $75,000.00 from Sleep Number for Mrs. Walker's predeath suffering and injuries, for the related medical bills and for the loss of her mother's society and seeks punitive damages if the evidence so warrants.

Plaintiff demands a Jury for all issues so triable.

## COUNT 2: WRONGFUL DEATH & SURVIVAL ACTION: STRICT LIABILITY VS. SELECT COMFORT RETAIL CORPORATION *D/B/A* SLEEP NUMBER

33)   Angela Moan is Mrs. Rosalind Walker's daughter and next of kin and is a class one beneficiary.

34)    Mrs. Walker owned a Sleep Number Bed that had a mattress and an adjustable base allowing the head portion of the mattress to be raised and lowered.

35)    Sleep Number Corporation designed, manufactured, marketed, sold, and warrantied parts of the Sleep Number Bed or the entire Sleep Number Bed.

36)    Leggett & Platt, Incorporated designed, manufactured, marketed, sold, and warrantied parts of the Sleep Number Bed or the entire Sleep Number Bed.

37)    Leggett & Platt, Incorporated is a Missouri corporation with its principal place of business in Carthage, Missouri.

38)    On October 19, 2014, Mrs. Walker purchased the Sleep Number Bed in Brentwood, Missouri.

39)    The Sleep Number Bed had a 25-year warranty. The warranty was made in Brentwood, Missouri.

40)    Instructions on the use of the Sleep Number Bed were provided to Mrs. Walker in Brentwood, Missouri.  On information and belief, the salesperson who provided instructions lived and lives in Missouri.

41)    Delivery of the Sleep Number Bed was planned and arranged in Brentwood, Missouri.

42)    At the time of the purchase, the Sleep Number Bed's delivery was arranged and paid for, and the bed was later delivered to Mrs. Walker's home at 23 Frontenac PL, Godfrey IL.

43)    On March 1, 2023, Mrs. Walker was in her home at 23 Frontenac PL, Godfrey IL.

44)    The Sleep Number Bed's adjustable base was in a raised position.

45)    Mrs. Walker was between the raised Sleep Number Bed and the headboard.

46)    The Sleep Number Bed lowered without warning.

47)    Mrs. Walker was trapped between the Sleep Number Bed and the headboard.

48)    Mrs. Walker remained trapped between the Sleep Number Bed and the headboard from March 1, 2023, to March 3, 2023.

49)    On March 3, 2023, emergency responders freed Mrs. Walker from this trapped position.  She was taken to the hospital, was transferred to a rehabilitation center and was then brought home on hospice.   She suffered the entire time until she died on April 3, 2023.

50)    Sleep Number Corporation is strictly liable for Mrs. Walker's injuries, her suffering, and her death.

51)    The Sleep Number Bed was defective and unreasonably dangerous in its design and lack of warning.

52)    The Sleep Number Bed was defective and unreasonably dangerous because it was more dangerous than an ordinary consumer would expect.

53)     The Sleep Number Bed was defective and unreasonably dangerous because Sleep Number Corporation:

    a. Designed, manufactured and sold a Sleep Number Bed that did not have adequate instructions or cautionary language in the instructions or on the bed, alerting Mrs. Walker not to go between the bed and the headboard as she could be trapped;

    b. Designed, manufactured and sold a Sleep Number Bed that did not have an appropriate warning of any type alerting Mrs. Walker not to go between the bed and the headboard as she could be trapped;

    c. Designed, manufactured and sold a Sleep Number Bed that did not have an adequate audible warning alerting Mrs. Walker it was declining;

    d. Designed, manufactured and sold a Sleep Number Bed that lowered with such force as to trap Mrs. Walker between the bed and the headboard;

    e. Designed, manufactured and sold a Sleep Number Bed that had a timer which caused the bed to decline without any physical input or warning from Mrs. Walker thus trapping Mrs. Walker between the bed and the headboard; and/or,

    f. Designed, manufactured and sold a Sleep Number Bed that did not have an appropriate release mechanism which would have allowed Mrs. Walker to free herself from her trapped position between the bed and the headboard.

54)      Entrapment was foreseeable and the risk was predictable that someone could get trapped this way. The defendant knew that entrapment could happen, and knew that if it did happen, it could cause severe injury or death.  Even with this knowledge, the defendant deliberately chose not to place a clear, visible warning on the mattress where people would likely see and read it. Instead, the defendant put advertising in this visible spot.  On information and belief, the defendant made this choice to keep the bed looking good and/or to avoid hurting sales, despite knowing that an appropriate warning could have prevented serious or fatal injuries.

55)      As a proximate cause of Sleep Number Corporation's design, manufacture, sale and warranty of the defective and unreasonably dangerous Sleep Number Bed, Sleep Number Corporation is strictly liable for Mrs. Walker's injury, suffering, and death.

WHEREFORE, Plaintiff seeks compensation in excess of $75,000.00 from the Sleep Number Corporation for Mrs. Walker's predeath suffering and injuries, for the related medical bills and for the loss of her mother's society and for punitive damages if the evidence so warrants.

Plaintiff demands a Jury for all issues so triable.

### COUNT 3: WRONGFUL DEATH & SURVIVAL ACTION: NEGLIGENCE VS. LEGGETT & PLATT, INCORPORATED

56)       Angela Moan is Mrs. Rosalind Walker's daughter and next of kin.  She is a class one beneficiary.

57)      Mrs. Walker owned a Sleep Number Bed that had a mattress and an adjustable base allowing the head portion of the mattress to be raised and lowered.

58)      Sleep Number Corporation designed, manufactured, marketed, sold, and warrantied parts of the Sleep Number Bed or the entire Sleep Number Bed.

59)     Leggett & Platt, Incorporated designed, manufactured, marketed, sold, and warrantied parts of the Sleep Number Bed or the entire Sleep Number Bed.

60)     Leggett & Platt, Incorporated is a Missouri corporation with its principal place of business in Carthage, Missouri.

61)      On October 19, 2014, Mrs. Walker purchased the Sleep Number Bed in Brentwood, Missouri.

62)     The Sleep Number Bed had a 25-year warranty. The warranty was made in Brentwood, Missouri.

63)     Instructions on the use of the Sleep Number Bed were provided to Mrs. Walker in Brentwood, Missouri.  On information and belief, the salesperson who provided instructions lived and lives in Missouri.

64)     Delivery of the Sleep Number Bed was planned and arranged in Brentwood, Missouri.

65)     At the time of the purchase, the Sleep Number Bed's delivery was arranged and paid for, and the bed was later delivered to Mrs. Walker's home at 23 Frontenac PL, Godfrey IL.

66)     On March 1, 2023, Mrs. Walker was in her home at 23 Frontenac PL, Godfrey IL.

67)     The Sleep Number Bed's adjustable base was in a raised position.

68)     Mrs. Walker was between the raised Sleep Number Bed and the headboard.

69)     The Sleep Number Bed lowered without warning.

70)     Mrs. Walker was trapped between the Sleep Number Bed and the headboard.

71)     Mrs. Walker remained trapped between the Sleep Number Bed and the headboard from March 1, 2023, to March 3, 2023.

72)     On March 3, 2023, emergency responders freed Mrs. Walker from this trapped position.  She was taken to the hospital, was transferred to a rehabilitation center and was then brought home on hospice.   She suffered the entire time until she died on April 3, 2023.

73)     Leggett & Platt, Incorporated owed Mrs. Walker a duty of reasonable care.

74)     Leggett & Platt, Incorporated breached the duty of reasonable care by:

   a. Designing, manufacturing and selling a bed or parts of a bed that did not have adequate instructions or cautionary language in the instructions or on the bed, alerting Mrs. Walker not to go between the bed and the headboard as she could be trapped;
   b. Designing, manufacturing and selling a bed or parts of a bed that did not have an appropriate warning of any type alerting Mrs. Walker not to go between the bed and the headboard as she could be trapped;
   c. Designing, manufacturing and selling a bed or parts of a bed that did not have an adequate audible warning alerting Mrs. Walker it was declining;
   d. Designing, manufacturing and selling a bed or parts of a bed that lowered with such force as to trap Mrs. Walker between the bed and the headboard;
   e. Designing, manufacturing and selling a bed or parts of a bed that had a timer which caused the bed to decline without any physical input or warning from Mrs. Walker thus trapping Mrs. Walker between the bed and the headboard; and/or,
   f. Designing, manufacturing and selling a bed or parts of a bed that did not have an appropriate release mechanism which would have allowed Mrs. Walker to free herself from her trapped position between the bed and the headboard.

75)     Entrapment was foreseeable and the risk was predictable that someone could get trapped this way. The defendant knew that entrapment could happen, and knew that if it did happen, it could cause severe injury or death.  Even with this knowledge, the defendant deliberately chose not to place a clear, visible warning on the mattress where people would likely see and read it. Instead, the defendant put advertising in this visible spot.  On information and belief, the defendant made this choice to keep the bed looking good and/or to avoid hurting sales, despite knowing that an appropriate warning could have prevented serious or fatal injuries.

76)    These actions or inactions or conscious decisions were the proximate cause of Mrs. Walker's injuries, suffering, and her death.

WHEREFORE, Plaintiff seeks compensation in excess of $75,000.00 from Legget & Platt for Mrs. Walker's predeath suffering and injuries, for the related medical bills and for the loss of her mother's society and seeks punitive damages if the evidence so warrants.

Plaintiff demands a Jury for all issues so triable.

## COUNT 4: WRONGFUL DEATH & SURVIVAL ACTION: STRICT LIABILITY VS. LEGGETT & PLATT, INCORPORATED

77)    Angela Moan is Mrs. Rosalind Walker's daughter and next of kin.  She is a class one beneficiary.

78)    Mrs. Walker owned a Sleep Number Bed that had a mattress and an adjustable base allowing the head portion of the mattress to be raised and lowered.

79)    Sleep Number Corporation designed, manufactured, marketed, sold, and warranted parts of the Sleep Number Bed or the entire Sleep Number Bed.

80)    Leggett & Platt, Incorporated designed, manufactured, marketed, sold, and warrantied parts of the Sleep Number Bed or the entire Sleep Number Bed.

81)    Leggett & Platt, Incorporated is a Missouri corporation with its principal place of business in Carthage, Missouri.

82)     On October 19, 2014, Mrs. Walker purchased the Sleep Number Bed in Brentwood, Missouri.

83)    The Sleep Number Bed had a 25-year warranty. The warranty was made in Brentwood, Missouri.

84) Instructions on the use of the Sleep Number Bed were provided to Mrs. Walker in Brentwood, Missouri. On information and belief, the salesperson who provided instructions lived and lives in Missouri.

85) Delivery of the Sleep Number Bed was planned and arranged in Brentwood, Missouri.

86) At the time of the purchase, the Sleep Number Bed's delivery was arranged and paid for, and the bed was later delivered to Mrs. Walker's home at 23 Frontenac PL, Godfrey IL.

87) On March 1, 2023, Mrs. Walker was in her home at 23 Frontenac PL, Godfrey IL.

88) The Sleep Number Bed's adjustable Base was in a raised position.

89) Mrs. Walker was between the raised Sleep Number Bed and the headboard.

90) The Sleep Number Bed lowered without warning.

91) Mrs. Walker was trapped between the Sleep Number Bed and the headboard.

92) Mrs. Walker remained trapped between the Sleep Number Bed and the headboard from March 1, 2023, to March 3, 2023.

93) On March 3, 2023, emergency responders freed Mrs. Walker from this trapped position. She was taken to the hospital, was transferred to a rehabilitation center and was then brought home on hospice. She suffered the entire time until she died on April 3, 2023.

94) Leggett & Platt, Incorporated is strictly liable for Mrs. Walker's injuries, her suffering, and her death.

95) The Sleep Number Bed was defective and unreasonably dangerous in its design and lack of warning.

96)    The Sleep Number Bed was defective and unreasonably dangerous because it was more dangerous than an ordinary consumer would expect because it trapped Mrs. Walker when an ordinary consumer would not expect the ordinary use of the bed could trap her.

97)     The Sleep Number Bed was defective and unreasonably dangerous because Leggett & Platt, Incorporated:

    a. Designed, manufactured and sold a bed or parts of a bed that did not have adequate instructions or cautionary language in the instructions or on the bed, alerting Mrs. Walker not to go between the bed and the headboard as she could be trapped;

    b. Designed, manufactured and sold a bed or parts of a bed that did not have an appropriate warning of any type alerting Mrs. Walker not to go between the bed and the headboard as she could be trapped;

    c. Designed, manufactured and sold a bed or parts of a bed that did not have an adequate audible warning alerting Mrs. Walker it was declining;

    d. Designed, manufactured and sold a bed or parts of a bed that that lowered with such force as to trap Mrs. Walker between the bed and the headboard;

    e. Designed, manufactured and sold a bed or parts of a bed that had a timer which caused the bed to decline without any physical input or warning from Mrs. Walker thus trapping Mrs. Walker between the bed and the headboard; and/or,

    f. Designed, manufactured and sold a bed or parts of a bed that did not have an appropriate release mechanism which would have allowed Mrs. Walker to free herself from her trapped position between the bed and the headboard.

98)    Entrapment was foreseeable and the risk was predictable that someone could get trapped this way. The defendant knew that entrapment could happen, and knew that if it did happen, it could cause severe injury or death.  Even with this knowledge, the defendant deliberately chose not to place a clear, visible warning on the mattress where people would likely see and read it. Instead, the defendant put advertising in this visible spot.  On information and belief, the defendant made this choice to keep the bed looking good and/or to avoid hurting sales, despite knowing that an appropriate warning could have prevented serious or fatal injuries.

99)     As a proximate cause of Leggett & Platt's design, manufacture, sale and warranty of the defective and unreasonably dangerous Sleep Number Bed, Leggett & Platt is strictly liable for Mrs. Walker's injury, suffering, and death.

WHEREFORE, Plaintiff seeks compensation in excess of $75,000.00 from Leggett & Platt for Mrs. Walker's predeath suffering and injuries, for the related medical bills and for the loss of her mother's society and for punitive damages if the evidence so warrants.

Plaintiff demands a Jury for all issues so triable.

### COUNT 5: BREACH OF WARRANTY
### VS. SELECT COMFORT RETAIL CORPORATION *D/B/A* SLEEP NUMBER

100)    Plaintiff realleges and incorporates paragraphs 1-32 as if fully pleaded here.

101)    Pursuant to Mo. Rev. Stat. § 400.2-314, an implied warranty of merchantability arises in every sale of goods by a merchant, ensuring that goods sold are fit for the ordinary purposes for which such goods are used.

102)    At the time of sale that occurred in Missouri, Defendant impliedly warranted that the bed was merchantable and suitable for its intended purpose.

103)    Defendant breached this implied warranty by selling a defective product that was not of merchantable quality or fit for its ordinary use.

104)    As a direct and proximate result of Defendant's breach of the implied warranty of merchantability, Plaintiff has suffered damages.

WHEREFORE, Plaintiff seeks compensation in excess of $75,000.00 from the Sleep Number Corporation for Mrs. Walker's predeath suffering and injuries, for the related medical bills and for the loss of her mother's society.

Plaintiff demands a Jury for all issues so triable.

Respectfully,

**GIANARIS TRIAL LAWYERS, LLC**

By: */s/ Ted N. Gianaris*
　　Ted N. Gianaris, MO #48359
　　Joshua A. Edelson, MO #70952
　　Suvir Dhar, MO #62645
　　One Court Street
　　Alton, IL 62002
　　(618) 619-0010
　　(618) 259-2251 (Fax)
　　tgianaris@lawforpeople.com
　　jedelson@lawforpeople.com
　　sdhar@lawforpeople.com
　　*Attorneys for Plaintiff*